UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| HARRY M. NIMMONS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:05-cv-353 |
| | ) | Phillips |
| HOWARD CARLTON, Warden | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Harry M. Nimmons ("Nimmons") challenges his 2002 Knox County convictions based upon the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of Nimmons' state post-conviction proceedings. [Court File No. 8, Notice of Filing of Documents, Addenda 1-5].

Nimmons pleaded guilty to three counts of possession with intent to sell less than one-half gram of cocaine. By judgment entered April 26, 2002, he received an effective sentence of 16 years; he did not file a direct appeal. [*Id*., Addendum 2, Brief of Appellant Harry Nimmons, Statement of the Case, p. 1]. Nimmons filed a petition for post-conviction relief, in which he alleged ineffective assistance of trial counsel, on March 27, 2003. [*Id*.]. The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Nimmons v. State*, No. E2003-02513-CCA-R3-PC, 2004 WL 1659887 (Tenn. Crim. App. July 26, 2004), *perm. app. denied, id.* (Tenn. November 15, 2004) [Addendum 1]. Nimmons filed the pending habeas corpus petition on July 7, 2005.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] The petition was received by the Clerk's Office on July 12, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on July 7, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitation commenced as to Nimmons' conviction when the time for filing a direct appeal elapsed. *See Chandler v. United States*, 22 Fed.Appx. 399, 400 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)). Nimmons had thirty days within which to appeal his original state sentence, TENN. R. APP. P. 4, but did not do so. Thus, his conviction became final on May 26, 2003.

Nimmons' state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The motion was filed on March 27, 2002, at which time 305 days of the one-year statute of limitation had elapsed, leaving only 59 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on November 15, 2004. Thus, the statute of limitation resumed running on February 13, 2005. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). As noted, Nimmons had 59 days, or until April 13, 2005, to seek habeas corpus relief.

Nimmons' habeas corpus petition was not filed until July 7, 2005. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation.

The court notes that Nimmons' motion to re-open his state post-conviction petition, which was filed March 2, 2005 [addendum 4], and denied July 19, 2005 [addendum 5], did not toll the one-year statute of limitation. *See Carey v. Saffold*, 536 U.S. 214 (2002). An application for state post-conviction relief is pending, and the federal statute of limitation is therefore tolled, "as long as the ordinary state collateral review process is 'in continuance' -- i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id*. at 219-220.

A motion to re-open is subject to the strict procedural criteria of TENN. CODE ANN. § 40-30-117, and thus is not part of the ordinary course of Tennessee's collateral review process. Accordingly, it cannot toll the statute of limitation. *See Fuller v. Thomas*, 110 Fed.Appx. 496, 498 (6th Cir. 2004) (time during which an unsuccessful motion for delayed appeal was pending did not toll the statute of limitation).

The motion to dismiss filed by respondent will be **GRANTED**. The petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED**. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A

certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips<br>United States District Judge